**Millard James BEEHLER, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C3–86–927.**

Court of Appeals of Minnesota.

Sept. 30, 1986.

C. Paul Jones, State Public Defender, Laura Underkuffler, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Spec. Asst. Atty. Gen., St. Paul, Stephen C. Rathke, Crow Wing Co. Atty., Brainerd, for respondent.

Considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant Millard James Beehler was convicted of criminal vehicular operation resulting in death, Minn.Stat. § 609.21, subd. 1 (1984), following a court trial. His subsequent petition for post-conviction relief was denied and he now appeals claiming insufficiency of evidence, ineffectiveness of counsel, and insufficient waiver of jury trial. We affirm.

## FACTS

On June 23, 1984, appellant was at the Blue Goose Bar near Garrison, Minnesota, in the early evening until 10:30 p.m. While there he had a few alcoholic drinks. His yellow Ford tow truck with a distinctive air tank was in the parking lot. Around 12:30 a.m. appellant was drinking at the Garrison Creek Marina Bar. He got into an argument with another patron and had to be ordered out by deputies of the Crow Wing County Sheriff's office. In leaving, appellant backed his truck into a vehicle; appellant's companion was then directed to drive.

About 1:00 that night appellant was back at the Blue Goose. He drank a Coke. He was alone and left alone in his truck about 1:30 a.m. Appellant's air tank was attached to his truck. The truck returned shortly after, pulled into the parking lot, and turned around. Still later, it was seen going past the Blue Goose.

That morning the body of Charles Lampi was found lying on the grass just off Highway 169 about a quarter of a mile from the Blue Goose. He was the victim of a hit and run driver. Tire tracks appeared on the road and personal belongings were scattered. An air tank was on the ground at the scene.

Based on the air tank lead, police officers went to appellant's residence and observed his parked truck. The air tank was missing and there was damage to the right front of the truck, including the splattering of blood. Appellant was given a Miranda warning and waived his rights. He acknowledged that he had been drinking in Garrison the night before. He admitted he had an accident after 1:00 a.m. and said he thought he hit a deer. He stated that he had had nothing to drink since the accident. Appellant gave a blood sample later that morning; analysis translated appellant's blood alcohol level to approximately .21 eight hours earlier. Lab tests showed that blood and paint on appellant's truck matched the victim's blood and paint found on his clothes. In addition, glass fragments found at the scene and in the victim's clothes matched glass on appellant's truck. Appellant appeals from the denial of his petition for post-conviction relief.

## ISSUES

1. Did the post-conviction court err in determining that the evidence was sufficient to sustain appellant's conviction?

2. Did the post-conviction court err in determining that appellant was not denied effective assistance of counsel?

3. Did the post-conviction court err in determining that appellant validly waived his right to a jury trial?

## ANALYSIS

### I.

■ We must view the evidence in the light most favorable to the State and assume the factfinder believed the evidence supporting the conviction and disbelieved any contrary evidence. *State v. Pieschke,* 295 N.W.2d 580, 584 (Minn.1980). While the evidence against appellant was largely circumstantial, the evidence was overwhelming. The State provided sufficient evidence that appellant's vehicle hit Lampi and caused his death, and that appellant

was the driver. In addition, the post-conviction court properly concluded that there was sufficient evidence to establish that appellant was negligent when he struck the victim with his truck. First of all, tire tracks found on the shoulder of the road near where Lampi's body was found and personal effects found lying in a relatively straight line from the beginning of the tracks to where the body was discovered indicated that appellant drove his truck off the road before hitting Lampi. Secondly, since Lampi was hit in the chest while facing the truck, he must have been visible to appellant, and failure to see him indicates that appellant failed to keep a proper lookout while driving his truck. Lastly, appellant drove his vehicle after consuming an excessive amount of alcohol, which is further evidence of negligence.

## II.

Appellant claims his trial counsel was ineffective because he failed to call three campers who were in the area and heard screeching tires and sound of an accident. Their statements, however, were presented through the testimony of several peace officers. As the post-conviction court stated, "There has been no showing that the testimony of the three campers would have been any different than what was testified to by other witnesses and the campers' testimony as to the time and what they heard at best would have been merely cumulative." Appellant failed to establish that his attorney's conduct amounted to prejudice because there was no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

## III.

Appellant personally asserts that his jury trial waiver was not knowingly or intelligently made. Appellant waived his right to a jury trial in writing after being fully advised by the court and by counsel pursuant to the requirements of Minn.R. Crim.P. 26.01, subd. 1(2)(a). Appellant claims he would not have waived his right had he known the three campers would not be called as witnesses. This contention has no authority and is without merit.

### DECISION

The post-conviction court did not err in concluding that the evidence was sufficient to convict appellant of criminal vehicular operation resulting in death and that appellant was not denied effective assistance of counsel.

Affirmed.